IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| Alex Calderon-Velasquez, )<br>)<br>    *Plaintiff*, )<br>)<br>v. )<br>)<br>D. Mears, *et al.*, )<br>)<br>    *Defendants*. )<br>) | No. 1:22-cv-692 (AJT/IDD) |

### **MEMORANDUM OPINION AND ORDER**

Plaintiff Alex E. Calderon-Velasquez, proceeding *pro se*, brings this civil action under 42 U.S.C. §§ 1983, 1985, 1986, 1988 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He alleges violations of his Fourth and Eighth Amendment rights by Defendant D. Mears ("Mears"), a Correctional Officer, and Defendant Dr. Tate ("Dr. Tate"), a psychologist, each of whom is a Bureau of Prison ("BOP") employee—in their official and individual capacities (collectively, "defendants"). Plaintiff alleges the violations occurred while he was detained at the Federal Correctional Institution in Petersburg, Virginia ("FCI-Petersburg") on various dates in 2022.[1] *See* [Doc. No. 7]. The United States Attorney's Office for this district has filed a Motion to Dismiss the allegations against the defendants in their official capacities.[2] [Doc. Nos. 23, 24]. Plaintiff was notified of and afforded the opportunity to respond

---

[1] The Amended Complaint alleges that Plaintiff was "assigned to SHU A-Range Cell #106" on January 6, 2021; based on the chronology of events preceding that assignment, it appears that Plaintiff meant to refer to January 6, 2022. *See* [Doc. No. 7] at 5.

[2] A copy of the service order, the amended complaint and exhibits, and a summons was sent to Defendants Mears and Tate at FCC Petersburg-Med., 1100 River Rd, Hopewell, VA 23860 on May 17, 2023. [Doc. No. 16, 17]. On June 6, 2023, the summons and other documents sent to Defendant Tate were returned to the Clerk marked "Return to Sender, Unable to Forward." [Doc. No. 17]. On July 13, 2023, the summons and other documents sent to Defendant Mears

pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), [Doc. No. 23-1], and he did so. [Doc. Nos. 27, 31]. Plaintiff has also filed a Motion for Discovery, [Doc. No. 26], and the defendants, in their official capacity, oppose discovery. [Doc. No. 30]. For the reasons that follow, the Motion to Dismiss the defendants in their official capacities will be granted, the Motion for Discovery will be denied without prejudice, and service will be issued by the Clerk and summonses shall be served via the U.S. Marshall's service on Defendants Tate and Mears.

## I. The Amended Complaint

Plaintiff alleges that at approximately 6:00 p.m. on January 6, 2022, Mears searched his cell, located in the Special Housing Unit ("SHU") at FCI Petersburg. [Doc. No. 7] at 5–6. Mears placed Plaintiff in handcuffs and moved him to the shower room and locked him in the shower room for approximately 45 minutes. *Id.* Plaintiff alleges that he experienced "extreme physical pain" due to his medical ailments. *Id.* at 6.

In Plaintiff's cell, Mears and another officer discovered a clothing line (allegedly used by inmates to hang a sheet for privacy) and a fishing line (allegedly used by inmates to pass items between cells). *Id.* at 6. In addition, the officers found "a broken piece of [a] tray cover wrapped inside of a [sic] empty fish packet." [Doc. No. 7-4] at 1. After finding these items, Mears returned to Plaintiff and removed his handcuffs, but did not allow him or his cellmate to return to his cell and left him standing in the shower room. [Doc. No. 7] at 6. At approximately 8:45 p.m., Officer Mears returned and told Plaintiff that SHU Lt. De Los Santos had approved his request to place Plaintiff in "alternate clothing"—i.e., "paper clothes."[3] *Id*.

---

were also returned to the Clerk. [Doc. No. 20]. On August 25, 2023, Plaintiff filed a motion for extension of time to serve Defendants Tate and Mears. [Doc. No. 28].

[3] Plaintiff alleges that Mears lied about obtaining approval from Lt. De Los Santos to put Plaintiff in alternative clothes. [Doc. No. 7] at 6–7. Plaintiff also acknowledges that a Lt. Cross was present and denied Plaintiff's request to be allowed to put on underwear, and confirmed to Plaintiff that Lt. Cross "approved Mears' decision" to place Plaintiff in paper clothes. [Doc. No. 7-3] at 2–3; *see also* [Doc. No. 7] at 7.

Mears and another male officer strip-searched Plaintiff in the shower room after escorting his cellmate to a different location.[4] [Doc. No. 7] at 7. Plaintiff alleges that Mears was searching for an "8 by 10 inch hard plastic [tray] lid" that could not fit inside his body, [Doc. No. 7-3] at 3; notably, however, the search of the cell resulted in the discovery of "a broken piece of [a] tray cover." *See* [Doc. No. 7-4].

Following the strip search, Mears confiscated Plaintiff's regular prison clothing and required him to don the paper clothes. [Doc. No. 7] at 7. Plaintiff alleges that Mears was not authorized to place him in paper clothes in these circumstances—*i.e.*, that it violated BOP policy and federal law. *Id.* The paper clothes were see-through, and Plaintiff was not given underwear. *Id.* Mears then escorted Plaintiff back to his cell in the paper clothes in front of other inmates, officers, and staff. *Id.* Plaintiff alleges that he remained in the alternative clothing from January 6, 2022, to January 8, 2022, during which time he was escorted to several places in front of other inmates and staff, including one female officer. *Id.* at 7–8. On January 8, 2022, after Plaintiff told another senior staff member about the situation, Plaintiff was given underwear and allowed to change into regular clothing. *Id.* at 8.

On January 7, 2022, Plaintiff allegedly told Dr. Tate, a "Doctor Level" psychologist at FCI Petersburg, about "the violations Mears had committed." *Id.* at 12. Plaintiff also told Dr. Tate that he wanted to report Mears for "criminal sexual abuse and harassment." *Id.* Plaintiff alleges that Dr. Tate said she needed to "get Mears' side of the story" and refused to take Plaintiff's report, which Plaintiff alleges was a violation of her obligation under federal law to report sexual harassment and sexual abuse allegations. *Id.*

---

[4] Plaintiff's attachments to his Amended Complaint establish that his cellmate was also escorted to the shower room, handcuffed, strip-searched, and then put in alternative clothing, although the two were strip-searched in different locations. *See* [Doc. No. 7-3] at 1–3.

3

On January 20, 2022, Dr. Tate did another wellness round in the SHU. *Id.* Plaintiff alleges that he again told Dr. Tate that he wanted to report Mears. *Id.* at 12–13. Dr. Tate allegedly "refused to even hear [him] out." *Id.* at 13. On January 24, 2022, Plaintiff wrote a letter to the Psychology Department Administrator at FCI-Petersburg to "expose" Mears' and Dr. Tate's conduct. *Id.* In his letter, Plaintiff expressed thoughts of suicide. [Doc. No. 7-3] at 5 ("I am in SHU under completely unnecessary pretenses, waiting for a transfer that I don't deserve, and these two things had catalyzed me to feel the most suicidal I have ever felt in my life.").

On January 27, 2022, Dr. Tate conducted a suicidal risk assessment on Plaintiff. [Doc. No. 7] at 13–14. Before the assessment could take place, Plaintiff was handcuffed and put in body chains for approximately three hours. *Id.* at 14. Plaintiff alleges that this restraint caused him "extreme pain" and bruising. *Id.* Plaintiff also alleges that his restraints and the subsequent assessment were ordered by Dr. Tate as retaliation against Plaintiff after his complaints about her and Mears. *Id.* at 13. During the assessment, Dr. Tate allegedly told Plaintiff to stop complaining about her and Mears and "went as far as to tell [Plaintiff] that the violations that had been committed against [him] were somehow [his] own fault." *Id.* at 14.

## II. Plaintiff's Claims

In his Amended Complaint, Plaintiff raises several *Bivens* claims against both Mears and Dr. Tate.[5] Plaintiff alleges that:

---

[5] In his Response to the Motion to Dismiss, Plaintiff argues that the defendants have "manipulate[d] [his] claims in order to misdirect the Court from [his] actual claims of violations constitutional rights violations" by the Defendants. [Doc. No. 31] at 4. But the Court emphasizes that Defendants' Motion to Dismiss only raises the issue of whether this action may proceed against the Defendants in their official capacities.

If Plaintiff would like to raise any additional claims against the defendants in their *individual* capacities other than those claims identified here, he should seek leave to amend and include a proposed amended complaint that separately identifies by letter or number each and every claim he is attempting to raise, along with the facts associated with the claim. *See* Fed. R. Civ. Proc. R. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."); *see Fikes v. City of Daphne*, 79 F.3d 79 F.3d 1079, 1082 (11th Cir. 1996) ("Federal Rule of Civil Procedure 10(b) provides that '[a]ll averments of claim ... shall be made in separate paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a

(1) Mears violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by causing him unnecessary pain when Officer Mears kept Plaintiff in handcuffs and made him wait in the shower room for two hours, *id.* at 9–10;

(2) Mears violated Plaintiff's Eighth Amendment right when Officer Mears inflicted psychological pain on Plaintiff though sexual harassment and abuse, conducted a strip search on Plaintiff, and forced him to wear alternative clothes without underwear for three days in view of other inmates and staff, *id.* at 10–11;

(3) Mears violated Plaintiff's Fourth Amendment right to privacy by exposing Plaintiff's naked body (via the strip search and use of alternative clothes), *id.* at 11–12;

(4) Dr. Tate violated Plaintiff's Eighth Amendment right when she ordered Plaintiff to be restrained for several hours while he waited for her to conduct a suicide risk assessment, *id.* at 15;

(5) Dr. Tate violated Plaintiff's Eighth Amendment right when she allowed Officer Mears to continue sexually harassing Plaintiff, thus effectively participating in the alleged sexual abuse and harassment, *id.* at 16–17; and

(6) Dr. Tate violated Plaintiff's Eighth Amendment right when she refused to accept Plaintiff's report against Officer Mears, *id.* at 17.

### III. Standard of Review

Federal district courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A motion to

---

single set of circumstances....' Moreover, '[e]ach claim founded upon a separate transaction or occurrence ... shall be stated in a separate count ... whenever a separation facilitates the clear presentation of the matters set forth.'" (omissions in original)).

dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges a court's jurisdiction over the subject matter of the suit. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1994). A Rule 12(b)(1) motion may challenge subject matter jurisdiction by asserting that, as a factual matter, the plaintiff cannot meet his burden of establishing a jurisdictional basis for the suit. *See Adams v. Bain*, 697 F. 2d 1213, 1219 (4th Cir. 1982). To determine whether jurisdiction exists, a trial court may consider evidence extrinsic to the complaint. *Id.* The burden of proving subject matter jurisdiction rests with plaintiff. *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009).

The defendants argue that, to the extent Plaintiff seeks to raise *Bivens* claims against them in their official capacities, those claims warrant dismissal. [Doc. No. 24] at 7. Indeed, "a *Bivens* cause of action is available only against federal officials in their individual capacities." *Byrd v. United States*, 2010 WL 4922519, at *2 (E.D. Va. Nov. 29, 2010); *see FDIC v. Meyer*, 510 U.S. 471, 486 (1994) (holding that *Bivens* suits cannot be brought against agencies of the federal government); *Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) (same); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 410 (1971) (Harlan, J., concurring in judgment) ("However desirable a direct remedy against the Government might be as a substitute for individual official liability, the sovereign still remains immune to suit."). Accordingly, to the extent Plaintiff has viable claims, he may proceed only against Mears and Tate in their individual capacities.

In his response, Plaintiff does not contest the basis of the Motion to Dismiss and appears to agree that his suit is against the defendants in their individual capacities, "not . . . the United States." [Doc. No. 31] at 4–5. Consequently, the Motion to Dismiss the claims against the defendants in their official capacities will be granted.

## IV. Discovery

Plaintiff's motion for discovery seeks "video footage," but does not indicate where the footage was taken or where it is stored. In any event, the motion is premature in that the defendants have not yet been personally served. As such, the motion will be denied without prejudice.

Accordingly, it is hereby

**ORDERED** that the defendants' motion to dismiss the allegations against the defendants in their official capacity [Doc. No. 23] is GRANTED; and it is further

**ORDERED** that the Plaintiff's motion for discovery [Doc. No. 26] is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Plaintiff's motion for an extension of time to perfect service [Doc. No. 28] is **GRANTED**; and it is further

**ORDERED** that the Clerk issue a Summons, pursuant to Fed. R. Civ. P. 4, through the United States Marshals Service, to Defendant D. Mears, Correctional Officer, Bureau of Prison, FCC Petersburg-Med., 1100 River Rd, Hopewell, VA 23860; and to Defendant Dr. Tate, Psychologist, Bureau of Prisons FCC Petersburg-Med., 1100 River Rd, Hopewell, VA 23860; and it is further

**ORDERED** that Defendant D. Mears, Correctional Officer, Bureau of Prison and Defendant Dr. Tate, Psychologist, Bureau of Prisons file an answer or other responsive pleading to the complaint within sixty (60) days of the date of service, pursuant to Fed. R. Civ. P. 12(a)(3). The defendants are advised that it is normal practice in *pro se* prisoner civil actions for defendants to file dispositive motions, if warranted and appropriate, before the start of discovery; and it is further

**ORDERED** that, within twenty-one (21) days of the defendant filing any responsive pleading, the plaintiff file any reply, including counter-affidavits (sworn statements subject to the penalty of perjury), or other responsive material contesting the affidavits or records filed by the defendants. *See* E.D. Va. Local Civ. R. 7(K); *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Unless the plaintiff or defendant explicitly requests additional time for filing additional materials, the case will be considered ripe for disposition twenty-one (21) days after defendants file a responsive pleading; and it is further

**ORDERED** that plaintiff serve a copy of every document plaintiff files in this proceeding upon all parties by mailing the document to each party's counsel, pursuant to Fed. R. Civ. P. 5; and it is further

**ORDERED** that plaintiff's failure to notify the Court immediately in the event he is transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Fed. R. Civ. P. 41(b); and it is further

**ORDERED** that plaintiff be advised that if the Court is unable to effect service on a defendant through this Order and the defendant is not otherwise served within 120 days of filing,[6] the defendant will be dismissed from the instant action without prejudice. *See* Fed. R. Civ. P. 4(m); and it is further

The Clerk is directed to send a copy of this Order to plaintiff, counsel of record, and to serve on Defendants Mears and Tate, via the United States Marshals Service, the Summons, a copy of this Order, the amended complaint [Doc. No. 7], and the service Order dated May 16, 2023 [Doc. No. 15].

---

[6] In accordance with Petitioner's motion for extension of time to effect service, for purposes of calculation, the amended complaint is deemed filed as of the date of this Order.

Alexandria, Virginia
March 6, 2024

/s/ Anthony J. Trenga
Senior U.S. District Judge